IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Leonard Lee Foster, #179576,        )
                                    )
                    Petitioner,     )   C.A. No. 2:09-645-HMH-RSC
                                    )
            vs.                     )   **OPINION & ORDER**
                                    )
Leroy Cartledge, Warden,            )
                                    )
                    Respondent.     )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Leonard Lee Foster ("Foster") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Magistrate Judge Carr recommends granting the Respondent's motion for summary judgment. Foster filed objections to the Report and Recommendation. For the reasons stated below, the court grants Respondent's motion for summary judgment.

I. FACTUAL AND PROCEDURAL BACKGROUND

Foster is currently incarcerated at McCormick Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. On March 20, 2002, Foster was found guilty after a jury trial of felony driving under the influence ("DUI") resulting in death and reckless

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

homicide. (Resp't Mem. Supp. Summ. J. Exs. (App. 400).) In addition, prior to trial, Foster pled guilty to a habitual traffic offender charge. (Id. Exs. (App. 49, 54).) Foster was sentenced to five years' imprisonment for the habitual traffic offender charge, ten years' imprisonment for the reckless homicide charge, and twenty-five years for the felony DUI resulting in death charge, all such terms to be served consecutively. (Id. Exs. (App. 406).) Foster was represented at trial and sentencing by Thomas A.M. Boggs.

Foster timely appealed his convictions for felony DUI and reckless homicide and was represented by Eleanor Duffy Cleary on appeal. Foster raised one issue on appeal:

> Did the trial court err in refusing appellant's motion to strike evidence of prior convictions from the indictment for Felony DUI where the prior convictions were not necessary to prove the offense and where any probative value was significantly outweighed by the prejudicial effect and where no limiting instruction was given?

(Id. Exs. (App. 410).) In addition, Foster raised the following grounds in a pro se filing:

I. Because the name Cody Keeler was amended to the indictment after the jury was sworn, and seated in counts one and two, the circuit court lacked subject matter jurisdiction to senrence the appellant for felony D.U.I., resulting in the death of Cody Keeler, thus violating the appellants rights under the S.C. Const. Art. I § 3, and under the 14th Amendment to the United States Constitution.
II. Because there is no written notice granting or denying the appellants post trial motion, the S.C. Court of Appeals lack subject matter jurisdiction to entertain the appellants case on appeal.
III. Because the grand jury who forthwith the appellants indictment was selected in a racially discriminating manner the circuit court lacked subject matter jurisdiction to entertain the appellants case and sentence him.
IV. Because the appellants indictment is not filed with the clerk of court, the circuit court lacked jurisdiction to entertain the appellants case, and sentence him.
V. Because there is no written court order to continue the appellants case beyond 180 days from the date of the appellants arrest, the circuit court lacked jurisdiction to entertain the appellants case and sentence him.
VI. Because the appellant was not provided with a written report indicating the time of arrest, the time of the test, and the results of the test to comport with

        statutory law, it was an error of law for the results of the appellants urinalysis results to be aduced at trial.

VII.    Because the appellant was not informed of his rights under the S.C. Code Ann. § 56-5-2950, it was an error of law for the trial court not to suppress the evidence of the results to the appellants urinalysis.

(Id. Exs. (App. 420) (errors in original).) The South Carolina Court of Appeals dismissed Foster's appeal on January 15, 2004. (Resp't Mem. Supp. Summ. J. Exs. (App. 435-36).)

Subsequently, Foster filed a pro se application for post-conviction relief ("PCR") alleging ineffective assistance of trial and appellate counsel. (Id. Exs. (App. 457, 467).) On June 19, 2006, the PCR court held an evidentiary hearing. Foster was represented by David M. Collins, Jr. On August 31, 2006, the PCR court entered an order of dismissal with prejudice. (Id. Exs. (Order of Dismissal, App. 572-78 ).)

On June 18, 2008, Foster filed a petition for writ of certiorari raising the following issue:

> Did the PCR judge err in finding that trial counsel rendered effective assistance of counsel when counsel failed to secure a critical expert who would have discredited the sole piece of physical evidence proving the element of intoxication in his Felony DUI and Reckless Homicide trial? Counsel admitted at PCR that he should have retained an expert in this field, and that doing so would likely have changed the outcome of Petitioner's trial.

(Id. Exs. (Pet. for Writ of Certiorari at 2).) In addition, Foster raised the following issues in his pro se filing:

1)    Did PCR judge error in finding that trial counsel rendered effective assistance by not playing videotape at trial when he said petitioner looked ragged and in a catatonic state. See App. p. 575. In retrospect had counsel played either tape, trial judge would have knew that the probative value was significantly outweighed by the prejudicial effect See. App. p. 327 L. 14-24 and the direct verdict would have been granted due to the fact the state's case was rooted in perjury and an unreliable urine sample. See, App. p. 316 L. 21-25 and 317 L. 1-4 and videotapes.

2) Did Attorney General error upon timely request to surrender impanelment documents when petitioner made a motion under S.C. Code 17-27-150 before PCR hearing. See, App. p. 489
3) Did PCR judge error in finding Appellate court counsel rendered effective assistance when appellant counsel ignored issues on appeal that were clearly stronger than the issues presented. See, App. p. 561-565
4) Did PCR judge error in finding that trial counsel rendered effective assistance for not challenging the sufficiency of the indictment.

(2008 Pro Se Filing (errors in original).) On January 22, 2009, the South Carolina Supreme Court denied the petition for writ of certiorari. (Id. Exs. (January 22, 2009 Order).)

Foster filed the instant § 2254 petition on March 11, 2009,[2] raising the following claims:

Ground One: Lack of Subject Matter Jurisdiction;
Supporting facts: When the name Cody Keeler was Amended to the indictment after the jury was sworn and there is no written notices Granting or Denying my Post Trial motion, and the Grand Jury who Forthwith my Indictment was selected in a Racially Discriminary manner and My indictment was not Filed with the clerk of court, and there is no written order to continue my case beyond 180 days from the date of my arrest, and when the circuit court error by not suppressing the results from my urinalysis when there was No evidence adduced at trial to comport with statutory Law.

Ground Two: Brady Violation.
Supporting facts: Failer to surrender impanelment documents. Failer to surrender videotapes Breathalyzer tape and tape from Mueller's patrol car Failer to surrender a written report indication the time of arrest, the time of the test and the result of the test to comport with Statutory Law Perjury[.]

Ground Three: Judicial Misconduct
Supporting facts: Because the appellant was not informed of his right under The S.C. Code Ann. 56-5-2950, it was error of law for the trial judge not to suppress the evidence of the results to the appellants urinalysis[.]

Ground Four: Change Enhancement
Supporting facts: I plead guilty to HTO on March 18, 2002 and on March 18-20, 2002 I proceeded to trial on Felony DUI resulting in death and reckless homicide and was found guilty and receive 40 years subsequently my charge has been enhance to murder. See computer[.]

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

(Foster § 2254 Pet., generally (errors in original).) Respondent filed a motion for summary judgment on July 10, 2009. Foster filed a memorandum in opposition to Respondent's motion for summary judgment on September 8, 2009. Magistrate Judge Carr recommends granting Respondent's motion for summary judgment. Foster filed objections on October 7, 2009.[3]

## II. D<small>ISCUSSION OF THE</small> L<small>AW</small>

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

---

[3] Id.

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Foster has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). "Thus, to grant [Foster's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

## C. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The magistrate judge recommends granting Respondent's motion for summary judgment because: (1) the subject matter jurisdiction claims raised in "Ground One" are not cognizable in a federal habeas corpus proceeding; (2) the "Ground Two" Brady v. Maryland, 373 U.S. 83 (1963), claim is procedurally defaulted and the Brady claim regarding the "impanelment documents" further fails because it is not cognizable in a federal habeas corpus proceeding; (3) the "Ground Three" claim raises a state law question regarding the admissibility of evidence which is not cognizable in a habeas corpus proceeding; and (4) "Ground Four" fails to state a claim for relief. (Report and Recommendation, generally.)

Foster filed objections to the Report and Recommendation. After review, however, the court finds that many of Foster's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report, or merely restate his claims. However, Foster raises the following specific objections: (1) Ground One is cognizable in a federal habeas corpus proceeding, (2) Ground Two is not procedurally defaulted, (3) Ground Three is a cognizable claim because it raises due process issues, and (4) the magistrate judge failed to address his ineffective assistance of counsel claim. (Objections, generally.)

### 1. Subject Matter Jurisdiction Claim

Foster objects that his subject matter jurisdiction claim is cognizable in this § 2254 petition because "jurisdictional defects are always subject to attack under the federal habeas corpus statutes." (Objections 7.) Habeas corpus relief is available to a state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Subject matter jurisdiction of a state court is a state law issue not cognizable in this federal habeas action." Miller v. Padula, C.A. No. 2:07-3149-PMD, 2008 WL 1826495, at *9 (D.S.C., April 23, 2008) (unpublished) (citing Wright v. Angelone, 151 F.3d 151, 158 (4th Cir.1998) (jurisdiction is a matter of state law)). "[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "[F]ederal habeas corpus relief does not lie for errors of state law." Id. at 67 (internal quotation marks omitted). In Ground One, Foster alleges that the state court lacked subject matter jurisdiction over him for a number of reasons and erroneously admitted urinalysis results. The focus of Foster's objections on this issue relates to the failure of the state court to file his indictment. (Objections 4-9.) This claim, along with the other issues raised in Ground One, are state law issues. Therefore, these claims are not cognizable in a federal habeas corpus proceeding.

### 2. Procedurally Defaulted Claim

Foster objects that the claim raised in Ground Two is not procedurally defaulted. In Ground Two, Foster alleges that the prosecutor failed to provide certain exculpatory evidence in violation of Brady. The magistrate judge found that Foster "did not clearly present the ground in

the instant allegation as a ground for relief in the state court." (Report and Recommendation 17.)

The magistrate judge found that

> [a] review of the grounds raised in Petitioner's direct appeal reveal that ground VI, "Because the appellant was not provided with a written report indicating the time of arrest, the time of the test, and the results of the test to comport with statutory law, it was error of law for the results to be adduced at trial", appears to touch on one of the alleged "Brady" violations raised here. However, it was presented to the South Carolina Court of Appeals as a challenge to the trial judge's determination that the urinalysis results were admissible evidence, rather than a claim that the solicitor failed to produce exculpatory evidence to the defense.

(Id.) "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Breard v. Greene, 523 U.S. 371, 375 (1998) (internal citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

"In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court . . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal citation omitted). Foster failed to raise a Brady claim in state court. The South Carolina Court of Appeals ruled on the propriety of the evidentiary ruling, not a Brady claim. The court finds that Ground One was not fairly presented in state court and is procedurally defaulted.

Procedural default may be excused only if Foster "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure

to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Foster, however, has presented no evidence to establish cause or prejudice.

### 3. Judicial Misconduct Claim

Foster objects that his Ground Three judicial misconduct claim is cognizable in a § 2254 petition because it raised a due process challenge, not a mere state law issue. (Objections 11.) In Ground Three, Foster alleged that "[b]ecause the appellant was not informed of his right under The S.C. Code Ann. 56-5-2950, it was error of law for the trial judge not to suppress the evidence of the results to the appellant's urinalysis[.]" (§ 2254 Pet., generally.) "An error in applying a state statute is not grounds for federal habeas relief." Hyde v. Branker, No. 5:06-HC-2032-D, 2007 WL 2827411, at *10 (E.D.N.C. Sep. 25, 2007) (unpublished) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). Based on the foregoing, this claim does not allege grounds for federal habeas relief.

### 4. Ineffective Assistance of Counsel Claim

Next, Foster alleges that the magistrate judge failed to address his ineffective assistance of counsel claims. (Objections 11-12.) The court has reviewed the petition and finds that Foster did not allege an ineffective assistance of counsel claim in his petition. (§ 2254 Pet., generally.) Foster argues in his memorandum in opposition to Respondent's motion for summary judgment that trial counsel was ineffective for failing to move into evidence the breathalyser videotape. (Foster Mem. Opp'n Summ. J. 25-26.) Foster submits that the videotape would have shown that he was not intoxicated. (Id.)

At the PCR hearing, Foster's trial counsel testified that Foster looked "ragged" and "catatonic" on the videotape. (Resp't Mem. Supp. Summ. J. Exs. (App. 508-09).) In addition, trial counsel testified that he did not think the videotape was helpful and that he had talked with Foster who agreed with the decision not to introduce the videotape. (Id. Exs. (App. 509).) Trial counsel stated that he had difficulty remembering his further specific concerns. (Id. Exs. (App. 507-08).) The PCR court concluded that Foster's testimony was not credible on this issue. In addition, the PCR court found that "the trial transcript and the videotape supported the reasonableness of trial counsel's decision not to enter it." (Id. Exs. (App. 575).) The PCR court noted that Foster appeared to stare in the video and admitted to drinking. (Id. Exs. (App. 575).)

The ineffective assistance of counsel claim regarding the videotape fails on the merits. In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Foster must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Foster must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

Foster has failed to demonstrate that his counsel's actions fell below an objective standard of reasonableness. At the PCR hearing, Foster's trial counsel offered several reasons why he decided not to introduce the videotape evidence. In addition, given the overwhelming

evidence of Foster's guilt, even if counsel committed error in not submitting the videotape, there is no reasonable probability that the result of the proceeding would be different. The facts provide that on November 10, 2000, around 11:30 p.m., Foster was driving and struck a vehicle after failing to stop for a stop sign, killing a six-year-old passenger in the other vehicle. (Resp't Mem. Supp. Summ. J. Exs. (App. 85-89, 278-80).) At the scene, Foster smelled of alcohol and later at the hospital appeared to be under the influence. (Id. Exs. (App. 136, 208-09, 228, 230).) The officers testified that Foster told them that he had consumed three or four beers and some liquor shots. (Id. Exs. (App. at 229).) Foster alleges now that he told officers that he had only consumed two beers. (Foster Mem. Opp'n Summ. J. 27 (Foster Aff., generally).) Foster consented to a urinalysis which revealed a .172 level of alcohol. (Resp't Mem. Supp. Summ. J. Exs. (App. 304-11).) Therefore, Foster has failed to show that counsel was constitutionally ineffective or that he was prejudiced by counsel's alleged improper actions. Further, the PCR court's determination was not contrary to clearly established federal law. Based on the foregoing, this claim fails.[4]

Therefore, after a thorough review of the record and the magistrate judge's Report and Recommendation, the court adopts the Report and Recommendation.

---

[4] Foster also objects that the magistrate judge has failed to resolve his outstanding motion pursuant to Rule 56(f) seeking production of grand jury impanelment documents and the videotape of the breathalyser examination. (Objections 12.) However, the magistrate judge denied the motion. Further, having found that the Respondent is entitled to summary judgment, any discovery issues are moot.

Therefore, it is

**ORDERED** that Respondent's motion for summary judgment, docket number 20, is granted, and Foster's § 2254 petition, docket number 1, is dismissed.

**IT IS SO ORDERED**.

                                                  s/Henry M. Herlong, Jr.
                                                  Senior United States District Judge

Greenville, South Carolina
October 16, 2009

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.